UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BELTWAY CAPITAL, LLC,**

      **Plaintiff,**

v.                                                    Case No:  6:18-cv-2139-Orl-40DCI

**COMMUNITY CHAMPIONS
CORPORATION and PROPERTY
REGISTRATION CHAMPIONS, LLC,**

      **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Plaintiff's Motion to Compel (Doc. 46)
>
> **FILED:** January 15, 2020
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

In this diversity action concerning the Defendants' alleged illegitimate collection of fees on behalf of state and local municipalities, discovery opened in March 2019 and the Court set a discovery deadline of October 31, 2019. *See* Doc. 23. That deadline was twice extended, but solely for the purpose of conducting identified depositions and limited to December 6, 2019. *See* Docs. 34 ("The discovery deadline is extended to 12/2/2019 for the sole purpose of allowing the parties to conduct the depositions referenced in the Motion."); 36 ("The Discovery deadline is extended to 12/6/2019 for the sole purpose of conducting the depositions set forth in the Motion.").

In the Case Management and Scheduling Order (CMSO), the Court also explained that:

> **C. Limits on Discovery** – . . . The parties may agree by stipulation on other limits on discovery within the context of the limits and deadlines established by this Case Management and Scheduling Order, but the parties may not alter the terms of this Order without leave of Court.
>
> **D. Discovery Deadline –** Each party shall timely serve discovery requests so that the Rules allow for a response prior to the discovery deadline. ***The Court may deny as untimely all motions to compel filed after the discovery deadline.***

Doc. 23 at 4(emphasis added).

On January 15, 2020, Plaintiff filed a Motion to Compel. Doc. 46 (the Motion). In the Motion, Plaintiff explained that it served discovery "[i]n October, 2019" upon Defendant Property Registration Champions, LLC, and that Defendant responded in part and objected in part on November 21, 2019. Again, written discovery closed on October 31, 2019. In the Motion, Plaintiff contends that it met and conferred concerning the written discovery in December 2019, and that Defendant "failed to supplement its Response to the Request for Production and has further failed to produce the responsive documents, despite that the discovery deadline was December 6, 2019." Doc. 46 at 2. Of course, this description of the discovery deadline is incorrect.

Regardless, Plaintiff chose to wait until well after the expiration of the discovery period to file a motion to compel, and never sought from the Court any extension of a deadline to do so. As such, Plaintiff failed entirely to address the fact that the discovery deadline has already expired. As a result, Plaintiff did not address the good cause and diligence requirements of Rule 16(b)(4), the excusable neglect standard of Federal Rule of Civil Procedure 6(b)(1)(B), and the requirements of the CMSO (including by failing to address both the CMSO's requirements to extend the discovery deadline and its caution concerning the filing of belated motions to compel).

A case management and scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *See*

*Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (internal quotation marks omitted). Further, the CMSO provides – in highlighted text – as follows:

> **Extensions of Other Deadlines Disfavored** – Motions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored. The deadline will not be extended absent a showing of good cause. Fed. R. Civ. P. 16(b). Failure to complete discovery within the time established by this Order shall not constitute good cause for continuance. A motion to extend an established deadline normally will be denied if the motion fails to recite that: 1) the additional discovery is necessary for specified reasons; 2) all parties agree that the extension will not affect the dispositive motions deadline and trial date; 3) all parties agree that any discovery conducted after the dispositive motions date established in this Order will not be available for summary judgment purposes; and 4) no party will use the granting of the extension in support of a motion to extend another date or deadline. The movant must show that the failure to complete discovery is not the result of lack of diligence in pursuing discovery. Local Rule 3.09(b).The filing of a motion for extension of time does not toll the time for compliance with deadlines established by Rule or Order.

Doc. 23 at 6.

To the extent that Plaintiff complains it did not receive discovery within the discovery period, it could have timely filed a motion to compel or sought another brief extension of the discovery deadline (as it had done twice before). But it cannot choose to do nothing, grant itself (or the opposing party) a unilateral extension of the discovery period, and then file a motion to compel after the expiration of the discovery deadline. Indeed, the request at issue requires an implicit extension of the discovery period, but Plaintiff has failed to assert, let alone establish, good cause for such an extension. While the parties are free to enter into informal agreements, and the Court will enforce written stipulations of the parties (*see* Local Rule 4.15), the parties forgo obtaining discovery responses within the discovery period at their own peril.

Further, although Plaintiff did not provide the exact date in "October 2019" on which the written discovery was served, if it was not served on or before a date that would allow compliance within the discovery period, it was likely untimely, keeping in mind the discovery deadline was

October 31, 2019.  *See* Middle District Discovery (2015) at 6 ("The Court follows the rule that the completion date means that *all discovery must be completed by that date*. For example, interrogatories must be served more than thirty days prior to the completion date to permit the opposing party to respond before the discovery deadline. Untimely discovery requests are subject to objection on that basis. Counsel, by agreement, may conduct discovery after the formal completion date but should not expect the Court to resolve discovery disputes arising after the discovery completion date.") (emphasis in original).

Thus, the Court finds that Plaintiff failed to establish good cause for an extension or excusable neglect for its late filing, and Plaintiffs' actions concerning the discovery at issue establishes a lack of the required diligence for the implicitly requested extension.

Accordingly, the Motion (Doc. 46) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on January 16, 2020.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 4 -